IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTHONY REX LITTLETON,** | * | |
| Petitioner | * | |
| v. | * | Civil No. PJM 07-2451 |
| | * | (Criminal No. 05-0179) |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Anthony Rex Littleton pled guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to 210 months imprisonment and five years supervised release. He subsequently filed a Motion to Vacate pursuant to 28 U.S.C. §2255 [Paper No. 450], arguing ineffective assistance of counsel. The Court held a hearing on the Motion, denying it in part and deferring on the issue of whether Littleton's counsel was ineffective by promising him a seven-year term of incarceration. The Court ordered supplemental briefing on this issue. After review of the briefing and applicable law, Littleton's Motion to Vacate is **DENIED.**

I.

Littleton's plea agreement, executed on or about March 21, 2006, included a clause setting forth a maximum sentence of life imprisonment and a minimum mandatory sentence of 10 years. During the Rule 11 plea colloquy, which took place in open court on March 27, 2006, Littleton acknowledged to the Court that his counsel had gone over the plea in detail and explained it to him.

At the same time, the Government recited the essential terms of the plea, including the 10-year minimum penalty stated above. After the Government reviewed the terms of the plea

1

agreement, the Court asked Littleton whether that represented the terms of the plea as he understood them. Littleton answered "yes."

The Court then separately went over certain aspects of the plea, including the sentencing guidelines, asking Littleton whether he had reviewed the guidelines with his counsel, to which he answered "yes, sir." The Court then briefly explained the guidelines, indicating that the Court could sentence him above or below the guideline range and that if it did so, this would not permit him "for that reason [to] be able to withdraw [his] plea." When asked if he understood, Littleton answered "yes, sir."

At the end of the Rule 11 plea colloquy, the Court asked Littleton whether any promise had been made to him by the Government that was not set forth in the plea agreement, to which he answered "no, sir." The Court also asked Littleton whether the plea was the "entire agreement" he had with the Government, to which he answered "yes, sir." Littleton admitted that no one had threatened or coerced him into signing the plea agreement, and that he fully understood the plea proceedings. In addition, he informed the Court that he did not need any further time to talk to his counsel about the plea and that he was satisfied with counsel's services.

After sentencing, Littleton filed the instant habeas petition, alleging, among other things, that defense counsel failed to file an appeal after being requested to do so, and that counsel had subsequently lied to him about the status of his appeal. That issue was addressed and resolved against Littleton in the November 3, 2008 hearing. During that hearing, Littleton also alleged that he had been promised a seven-year sentence by counsel prior to his plea. The Court denied Littleton's Motion to Vacate except insofar as this additional issue was concerned, and the parties were permitted to submit further briefing.

## II.

Under *Strickland v. Washington*, in order to prove ineffective assistance of counsel a petitioner must demonstrate that: 1) counsel's performance fell below an objective standard of reasonableness; and 2) the deficient performance prejudiced the trial's outcome. 466 U.S. 668, 687 (1984). Accordingly, in order to prove the first prong, Littleton must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687 (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)). There is a strong presumption that defense counsel's performance was competent and reasonable. *Id.* at 689. In order to prove the second prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## III.

In this case, any possible misunderstanding on Littleton's part as to the sentence he would receive was cured by the trial court during the Rule 11 colloquy, which took place before his guilty plea was accepted. *See Thomas v. United States*, 27 F.3d 321, 325-26 (8th Cir. 1994) (counsel's failure to inform defendant of possibility of treatment as career offender was not ineffective assistance where defendant acknowledged that he understood the possible maximum sentence for his crime when pleading guilty); *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) ("misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel"); *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990) (claim that guilty plea was based on counsel's incorrect estimate of sentence did not warrant withdrawal of guilty plea where defendant, when entering guilty plea, acknowledged that he understood the possible maximum

sentence for his crime to be greater than the sentence imposed); *United States v. Sweeney*, 878 F.2d 68, 69 (2nd Cir. 1989) (counsel's "erroneous estimate" of guideline sentencing range not ineffective assistance).

It could hardly have been clearer. At the plea hearing, Littleton acknowledged that his plea carried a 10-year minimum sentence and a possible maximum sentence of life imprisonment. He also stated that he understood his ultimate sentence could differ from estimates given to him by his counsel or the Government. The Court was entitled to rely on these acknowledgments. Littleton has not demonstrated that but for counsel's alleged errors, he would not have pleaded guilty. To hold otherwise would render Rule 11(b) essentially meaningless.

## IV.

For the foregoing reasons, Petitioner's Motion to Vacate [Paper No. 450] is **DENIED**.

A separate Order will issue.

April 16, 2010

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT COURT JUDGE**